In the Matter of the Application of WILLIAM BAYARD CUTTING to be Discharged as Trustee under the Last Will and Testament of CHARLES KENNEDY HAMILTON, Deceased. (No. 2.)

LOUISE SAVAGE TYNG, Individually and as Guardian of the Person and Property of ELEANOR MARGARETTE HAMILTON, CONSTANCE SAVAGE FOSTER and J. HAMILTON SAVAGE, Appellants; WILLIAM BAYARD CUTTING, Respondent.

*The appointment of a guardian ad litem on the nomination of the adverse party — proceedings in which such guardian appears will be vacated.*

An order permitting a trustee to resign his trust and appointing a referee to state his accounts, should be reversed where it appears that the guardian *ad litem* representing the beneficiary of the trust, who was a non-resident infant, over the age of fourteen years, was nominated by the adverse party, and that his appointment was, therefore, irregular under rule 49 of the General Rules of Practice.

APPEAL by Louise Savage Tyng, individually and as guardian of the person and property of Eleanor Margarette Hamilton, duly appointed by the last will and testament of Charles Kennedy Hamilton, deceased, appearing specially and for the purpose of this appeal only, and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of January, 1899, granting the prayer of the petition and accepting the resignation of the petitioner as trustee under the last will and testament of Charles Kennedy Hamilton, deceased, and appointing a referee to state the accounts of the said petitioner as trustee.

*Morris A. Tyng*, for the appellants.

*J. Archibald Murray*, for the respondent.

INGRAHAM, J.:

The order appealed from was granted upon an order to show cause, a copy of which was served upon the beneficiary of the trust, Eleanor Margarette Hamilton, as infant over the age of fourteen years. Louise Savage Tyng, the general guardian of the infant, appeared by counsel for the purpose of objecting to the granting of the motion, upon the ground, among others, that no proper guardian *ad litem* of such infant had been appointed. It appears by the

record that, the order to show cause having been served upon the infant, who was a beneficiary of the trust, upon the return day of such order to show cause neither the infant nor any one on her behalf applied to have a guardian *ad litem* appointed for her. The petitioner, therefore, presented a petition praying that a person named be appointed such guardian *ad litem;* and the court appointed such person who had been nominated by the petitioner, who was the adverse party to the infant. Upon an appeal from an order denying a motion to vacate such appointment, we have reversed the order and vacated such appointment as being in violation of rule 49 of the General Rules of Practice. As the appointment of this guardian *ad litem* was irregular, the court should not have granted the prayer of the petition until a proper guardian *ad litem* has been appointed for the infant beneficiary, upon whom the petition and order to show cause should be served and who would have an opportunity to appear upon the application, and for that reason this order must be reversed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion dismissed, with ten dollars costs.